## Wein v. The Williamsport Hospital & Medical Center

538

C.P. of Lycoming County, no. 96-01,744.

*Clifford A. Rieders,* for plaintiffs.
*David R. Bahl,* for defendants.

KIESER, *J.,* April 19, 2000—The matter presently before the court in this medical malpractice case[1] is a motion to compel discovery responses, filed by plaintiffs December 16, 1999.[2] Plaintiffs served interrogatories on defendant Williamsport Hospital seeking, inter alia, the names, addresses and telephone numbers of former employees.[3] The hospital replied by furnishing only the names of the former employees, stating that contact was to be made through its counsel. See motion to compel exhibit 1. By letter dated October 4, 1999, plaintiffs' counsel again requested the addresses and telephone numbers. *Id.,* exhibit 3. Defense counsel wrote a reply October 12, 1999, indicating that the request was a surprise "since I don't think in my entire legal career I have ever had anyone insist upon addresses and telephone numbers . . . ." *Id.,* exhibit 4. Defense counsel pointed out that a corresponding issue existed as to whether plaintiffs' counsel would have the right to communicate with (present or past) employees ex parte. *Id.* By letter dated November 10, 1999, plaintiffs' counsel responded that he had "every right" to communicate, ex parte, with past

_____

1. The complaint alleges defendants are liable for substandard care with respect to Christian A. Wein, who died after a tonsillectomy.

2. Both parties have filed briefs in support of their respective positions. Oral argument was held February 14, 2000.

3. The motion to compel originally sought addresses and telephone numbers of all "prospective witnesses," whether current or former employees of the hospital. However, plaintiffs have narrowed the scope of information they seek, asking only that the addresses and telephone numbers of former employees be disclosed. See brief in support of plaintiffs' motion to compel complete responses p. 2.

employees of the hospital and in some cases, even current employees. Motion to compel, exhibit 5. Obviously, defense counsel was not persuaded, as this matter is now before the court.

The motion before this court requests names, addresses and telephone numbers of present and former hospital employees. In their brief and at oral argument, plaintiffs advised the court they were narrowing their request to former employees only. The hospital has provided no authority which would prohibit plaintiffs from obtaining this information. Accordingly, the motion to compel will be granted. The hospital will be required to provide plaintiffs' counsel with the last-known telephone numbers and addresses; the hospital is under no obligation to update the information in its possession, if it has not already done so in preparation of this case.

The motion itself does not address the appropriateness of plaintiffs' counsel engaging in ex parte communications with former employees of the hospital, yet counsel have both briefed this issue and argued it to the court. Should we decline to address the issue, we have no doubt it will return to us shortly. Therefore, in the interests of judicial economy, we will now consider it.

Despite statements by defense counsel that the law is *"exceedingly* clear"[4] with regard to this question, neither side has produced controlling authority on this issue. Both sides rely on case law from other jurisdictions, which is persuasive, but not controlling. The case law cited by the parties considers Rule 4.2 of the Rules of Professional Conduct. Rule 4.2 provides: "In represent-

---

4. Brief of defendant Williamsport Hospital filed February 4, 2000, p. 4; on p. 6, the hospital claims the law is "patently clear."

ing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Nothing in this statement is directly on point with respect to the issue, which is now before the court. More importantly, both base their arguments primarily not on case law but rather on the second paragraph of the comment to Rule 4.2 of the Rules of Professional Conduct:

"In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, *and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the party of the organization.*" (emphasis added)

We first call counsel's attention to the portion of the preamble to the Rules of Professional Conduct entitled "Scope," wherein the following is set forth:

"Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply

that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty."

Furthermore, "Comments do not add obligations to the rules but provide guidance for practicing in compliance with the rules." *Id.* Notwithstanding these restrictions, counsel now asks this court to interpret and apply the comment to Rule 4.2 to this proceeding.

Rule 4.2 was considered by Judge Wettick in *Pritts v. Wendy's of Greater Pittsburgh Inc.,* 37 D.&C.4th 158 (C.P. Allegheny Cty. 1998). In *Pritts,* Wendy's had sought a protective order to prohibit the defense from conducting ex parte interviews with present and former employees. Wendy's based its request solely on Rule 4.2 and the accompanying comment. Judge Wettick observed that courts should not interfere with efforts by counsel to interview witnesses except to enforce well-recognized prohibitions. *Id.* at 161. Acknowledging that the Pennsylvania Supreme Court has ruled that courts may not use the Rules of Professional Conduct to alter substantive law or evidentiary rules, the judge was nevertheless willing to render a decision, finding that a court order based on (disciplinary) Rule 4.2 barring an attorney from communicating with another party who is represented by counsel did not impact on the substantive law and rules of evidence that would govern the litigation. *Id.* at 162.

Judge Wettick denied the motion for a protective order with respect to both present and former employees. With regard to former employees, Judge Wettick found that neither the text of Rule 4.2 nor its comment specifically referred to former employees and thus did not prohibit ex parte communications with former employees.

Judge Wettick's decision is consistent with both the position of the Pennsylvania Bar Association and the American Bar Association. In formal opinion 90-142, dated December 7, 1990, the Legal Ethics and Professional Responsibility Committee of the PBA determined that a lawyer may engage in ex parte communications with former employees of an opposing party if appropriate safeguards are employed to minimize the risk of overreaching by the investigating party. The committee concluded that ex parte communication is allowed under the following conditions: (1) the attorney is prohibited from eliciting or using any information that may be protected by attorney-client privilege; (2) the attorney must immediately disclose his or her capacity to the former employee; (3) any request by the person contacted that his or her personal attorney, or the company's attorney, be present must be honored; and (4) the attorney should advise the person that they have the right to refuse to be interviewed, or if they wish, to be interviewed with the company's counsel present.[5]

In formal opinion 91-359, dated March 22, 1991, the Committee on Ethics and Professional Responsibility of the ABA also indicated that ex parte communications with former employees was acceptable if certain safeguards were observed. These safeguards mirror those set forth in the PBA opinion (discussed *supra*). The ABA did acknowledge that because an organization necessarily acts through others, the *concerns* reflected in the comment to Rule 4.2 may survive the termination of the

---

5. In the case law update to formal opinion 90-142, dated May 1995, the PBA again indicated that ex parte communications with former employees of a company was allowed when the above safeguards were observed.

544

employment relationship. However, the committee concluded that a lawyer may communicate about the subject of the representation with an unrepresented former employee of a corporate party, without consent of the corporation's lawyer, as long as the investigating lawyer was careful not to induce the former employee to violate any attorney-client privilege and "punctiliously" complied with the requirements of Rule 4.3 of the Rules of Professional Conduct, dealing with unrepresented person and communicating with one of adverse interest (listed as the safeguards, *supra*).

In the instant case, we understand the hospital's natural preference that its counsel be present whenever its former employees are contacted by opposing counsel. Nevertheless, there is simply no law or rule under which such contact is prohibited. Absent a violation of the safeguards as set forth, this court has no authority to preclude plaintiffs' ex parte communications with former employees of the hospital.

## ORDER

And now, April 19, 2000, plaintiffs' motion to compel is hereby granted. The Williamsport Hospital is directed to provide the names and last-known addresses and telephone numbers of former employees to plaintiffs as requested within 20 days of the date of this order.